### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **NICOLE ALEXANDER,**<br>            *Plaintiff,*<br><br>        **v.**<br><br>**IT TAKES A VILLAGE TO FEED ONE CHILD,**<br>            *Defendant.* | **Civil No. 26-1564** |

### ORDER

**AND NOW**, this 30th day of July, 2026, upon consideration of Defendant's Motion to

Dismiss (ECF No. 9) and all corresponding briefing, it is hereby **ORDERED** that Defendant's

Motion is **DENIED**.[1]

BY THE COURT:

_____
MARY KAY COSTELLO
United States District Judge

---

[1] Plaintiff Nicole Alexander asserts claims for sex discrimination, sexual harassment, and retaliation under Title VII of the Civil Rights Act of 1964 against her former employer, It Takes A Village To Feed One Child.  Defendant moved to dismiss for lack of subject-matter jurisdiction and for failure to state a claim, arguing that it is not an "employer" for purposes of Title VII. Title VII defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person."  42 U.S.C. § 2000e(b).  Defendant moved to dismiss on the sole grounds that Defendant did not at any time during the relevant time employ fifteen or more employees.  ECF No. 9-2, at 4-5.

Defendant's argument pursuant to Fed. R. Civ. P. 12(b)(1) that the Court lacks jurisdiction because Defendant does not qualify as an "employer" under Title VII, has been squarely rejected by the Supreme Court and the Third Circuit.  The U.S. Supreme Court has clearly held that the Title VII employee-numerosity requirement "does not circumscribe federal-court subject-matter

jurisdiction," and instead "relates to the substantive adequacy of [the] Title VII claim." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 504 (2006); *see also Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 89 (3d Cir. 2003) (holding that "whether an entity employs fifteen or more workers is a merits question rather than a jurisdictional inquiry"). Thus, "[t]he law is clear" that "the fifteen employee threshold is a substantive element of the discrimination claim, and whether it has been adequately alleged should be assessed under Rule 12(b)(6)." *Gonzalez v. Busy Place Early Learning Ctr.*, 14cv6379, 2015 WL 5679887, at *3 (D.N.J. Sept. 25, 2015).

Turning then to Defendant's argument pursuant to Fed. R. Civ. P. 12(b)(6), the Court concludes that Plaintiff has successfully alleged that Defendant employed fifteen or more employees during the relevant period. ECF No. 1 ¶ 10. While "keyed to the statutory language," this allegation is a factual one, and not merely a legal conclusion. *See Gonzalez*, 2015 WL 5679887, at *3. The Court must accept as true such well-pleaded factual allegations. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Accordingly, Plaintiff has adequately alleged that Defendant had the requisite number of employees during the relevant time. *See Doe v. TRX Ins. Servs.*, 20cv4095, 2021 WL 1566050, at *4 n.4 (E.D. Pa. Apr. 21, 2021).